JAMES T. TATE *v.* J. A. ELLIOTT.

Executions—Levy and Collection of Executions.

When an execution is issued and a levy made by the sheriff but no effort made to sell the property in a reasonable time, the execution plaintiff should proceed against the sheriff and where such plaintiff fails to pursue such a remedy within a reasonable time, other creditors may refuse to recognize the first execution.

APPEAL FROM LOUISVILLE CHANCERY COURT.

November 28, 1876.

OPINION BY JUDGE COFER:

The principles announced in the case of *Deposit Bank of Cynthiana v. Berry's Adm'r*, 2 Bush 236, seem to us to be decisive of this case. It is true there was no venditionis issued in that case between November 2, 1861, and February 8, 1865, a period of three years and three months; but in other respects that case is like this in every essential particular, and the venditionis issues cannot make the case any stronger for the appellant than it would have been if they had not been issued at all. It is not pretended that they were issued with any intention to make sale of the property, and it is virtually, if not expressly conceded that the sale was deferred to enable the debtor to discharge the debts without a sale of the property. During all the time from March, 1872, to February, 1874, a period of twenty-three months, the debtor retained possession of the property, and on the 21st of May, 1872, when there was no process in the officer's hands, a payment of $350 was made without a sale of any part of the property levied on.

These facts satisfy us that the process of the court was not used in good faith to coerce payment, but to place the property in a position where it could be resorted to as a last resort in case other creditors should seek to subject it, and in the meantime to allow its use to be enjoyed by the debtor. Such use of legal process ought not to be encouraged; to do so would be to open a wide door for collusion and fraud.

The safer and better rule is to require the execution plaintiff to cause a sale to be made in a reasonable time after the levy, and in case the sheriff fails to make a sale, to proceed against him to compel him to do so, and upon the failure of the plaintiff to pursue these remedies within a reasonable time, to refuse to recognize his levy as valid against other creditors who are pursuing legal remedies against the common debtor.

There can be no room to doubt that the delay in this case was unreasonable, and as before remarked that the process was used not in good faith to coerce payment, but as the means of giving indulgence to the debtor, while he enjoyed the use of the property which, if the levy be now held to be effectual, was shielded from other creditors. It is true the fi. fa.'s and venditionis were returned, and that although the property was situated in a distant county, all persons had con-

structive notice of the levy, but this only proves the necessity for requiring greater promptness than was used in this case in order to make the levy available against other creditors.

We do not regard the fact that the appellee's attachment was levied subject to the levy under the executions as fatal to his right. He could not control the form of the sheriff's return; nor could the sheriff by returning that he had made the levy subject to the former levy, renew that levy or give it any legal efficacy it did not have before, and would not otherwise have had.

The conduct of the appellant and his assignors was well calculated to conceal from the community the fact that there was a subsisting levy, and those who may have known it at the time, especially in view of the advertisements in April, May and July, 1872, the failure to sell, and the continued possession of the property by the debtor, were authorized to conclude that the debts had been paid. Wherefore the judgment is *affirmed*.

*Muir, Bijou & Davie for appellant. A. C. Buckner, for appellee.*